## IN THE CIRCUIT COURT FOR PRINCE GEORGES COUNTY, MARYLAND

Bobby Thomas  *
Mary Thomas   *
6706 Dorman Street   *
Hyattsville, Maryland 20784   *
    Plaintiff,   *
       *
v.   *   CAE05- 17082
       *
Countrywide Home Loans, Inc   *   JURY DEMAND
3440 Wilshire Blvd.   *
3rd Fl.   *
Los Angeles, California 90010   *
    Defendant.   *
       *

## COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF
### (WRONGFUL FORECLOSURE AND UNFAIR TRADE PRACTICES)

    **COMES NOW**, the plaintiffs, Bobby and Mary Thomas, by and through counsel, William C. Johnson, Jr., Esq., seeks a temporary restraining order and preliminary and permanent injunctive relief pursuant to Maryland Rules 15-501 through 15-505 and complains against the defendant Countrywide Home Loans as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over all causes of action asserted herein pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1-501 (2002).

2. This Court has jurisdiction over the defendant named herein because it is a corporation authorized to do business in Maryland by the State Department of Assessment and Taxation.

3. Venue is proper in this Court because a substantial portion of the transaction complained of herein occurred in the County of Prince Georges, the incident at issue is whether the defendants properly foreclosed upon a debt validly defaulted

by the plaintiff subjecting them to sale to satisfy the liens. The defendant is a Regional Corporation with a principle place of business in the State of Maryland.

## PARTIES

4. The plaintiffs Plaintiffs Bobby and Mary Thomas are residents of Prince Georges County.

5. The defendant Countrywide Home Loans, Inc. is a National Corporation authorized to conduct business in the state of Maryland. The defendant's principal offices are located at 3440 Wilshire Blvd., 3rd floor, Los Angeles, California 90010. Defendant has offices throughout the state of Maryland.

## FACTS

6. The plaintiffs resided at 6706 Dorman Street, Hyattsville, Maryland 20784.

7. The plaintiffs has resided at this location and address since August 26, 1991.

8. The plaintiff gave a deed of trust to the Market Street Mortgage Company on August 26, 1991.

9. The plaintiffs were required to make monthly mortgage payments in the amount $1,716.00.

10. The plaintiffs loan was assigned to several different mortgage servicers.

11. Defendant Countrywide Home Loans, Inc. acquired the loan on August 1, 2002.

12. The plaintiffs continued to make their mortgage payments to defendant Countrywide Mortgage Company.

13. Plaintiffs have consistently and continuously made their mortgage payments throughout the relevant period without incidence.

14. Plaintiffs sought to have their loan refinanced through Ameriquest Mortgage Company.

15. On or about February 1, 2005, the Ameriquest received a pay-off statement from the defendant indicating the pay-off amount for the outstanding loan no. 20902018 was $144,201.01.

16. On or about February 23, 2005, the plaintiffs and Ameriquest Mortgage Company went to settlement and closed the refinance loan.

17. On February 23, 2005, Ameriquest Mortgage Company remitted to the defendant a pay-off check in the amount of $148.633.15 representing full payment of loan no. 20902018.

18. On February 23, 2005, the plaintiffs executed a "Request for Reconveyance and Estoppel" seeking the defendant's cooperation in removing its lien and, if applicable, requesting of the trustee under the Deed of Trust securing the account to reconvey that Deed of Trust.

19. On May 27, 2005, the Ameriquest Mortgage Company filed its Deed of Trust and paid all requisite recordation fees.

20. On July 13, 2005, the defendant contacted the plaintiffs to inform them they were in arrears on loan no. 209002018. The plaintiffs informed the defendant that the loan had been refinanced through Ameriquest Mortgage Company.

21. On July 14, 2005, the defendant through its substitute trustee, Shapiro & Burson, notified plaintiffs they were in arrears on their mortgage payments and the defendant had instructed them to institute foreclosure proceedings.

22. The substitute trustee informed the plaintiffs that the pay-off amount of the loan was $148,061.58.

23. Plaintiff denied the allegations and provided proof of consistent payments to the new holder of their mortgage..

24. On August 3, 2005, Plaintiff personally visited the substitute trustee's office to provide them with copies of proof of the refinancing of the loan.

25. The substitute trustee informed him of the impending August 16, 2005 sale date, however, did not provide him with the reinstatement amount for the alleged arrears.

26. Plaintiffs deny the debt is due and payable as of the date this complaint has been filed.

27. The foreclosure sale of the property has not taken place.

28. The defendant has informed the plaintiffs of the date for foreclosure sale being August 16, 2005.

29. No arrearages exist and all fees have been paid in full.

30. Plaintiffs continued to pay their mortgage payments to the new holder of the mortgage note, thus, the default does not exist.

31. The institution of foreclosure proceedings is wrongful and should be ceased.

## COUNT I   INJUNCTIVE RELIEF

32. The plaintiff incorporates paragraphs 1 through 26 herein.

33. Defendant's conduct constitutes a wrongful foreclosure. There exists the strong likelihood that Plaintiff will succeed on the merits of his claim.

34. Unless defendant is restrained by this Court from its wrongful foreclosure in the above described transaction, Plaintiff will suffer immediate, substantial and irreparable injury.

35. The benefits to plaintiff in obtaining injunctive relief are equal to or outweigh the potential harm which defendant would incur if this Court grants the requested injunctive relief.

36. The public interest is best served by granting the injunction.

**WHEREFORE**, Plaintiff demands:

1. That this Court issue an Order granting Plaintiff a temporary Restraining Order restraining and enjoining Defendant's attempt to sell the Real Property of the plaintiff.

2. That this Court issue an Order granting Plaintiff a preliminary injunction restraining and enjoining Defendant's attempt to sell the Real Property of the plaintiff.

3. That this Court issue an Order granting Plaintiff a permanent injunction restraining and enjoining Defendant's attempt to sell the Real Property of the plaintiff.

4. That plaintiff be granted attorney's fees costs and such other and further relief as this Court may deem just and proper.

## COUNT II WRONGFUL FORECLOSURE

37. The plaintiff incorporates paragraphs 1 through 36 herein.
38. The defendant wrongfully misrepresented to the plaintiffs that $148,061.58 in arrearages was due and owing.
39. Defendant, at all relevant times, knew or should have known, that plaintiffs had refinanced their loan with the Ameriquest Mortgage Company.
40. The defendant wrongfully applied the plaintiffs mortgage payments to the $13,994.37 arrearages it alleges was due and owing by the plaintiff.
41. Defendant failed to apply the plaintiffs loan payment to the corresponding loan no. 20902018.
42. Defendant continued to charge mortgage payments to the alleged account of the plaintiff even after the loan had been refinanced by the Ameriquest Mortgage Company.
43. Due to the failure of the defendant to correctly and appropriately apply the plaintiff's mortgage pay-off to the corresponding loan no. 20902018, the plaintiff allegedly accumulated an exorbitant amount late fees, legal costs, escrow advances for which the defendant is attempting to foreclose.
44. Defendant knew or should have known that said foreclosure is being conducted in a negligent and reckless manner.
45. As a result, the commencement of a foreclosure action by defendant was improper, and all attorney's fees and costs incurred in connection with the foreclosure cannot be charged to plaintiff and plaintiff should be reimbursed for the attorney's fees expended to defend this action.

**WHEREFORE**, plaintiff prays that this Court enter a Judgment in their favor and against the defendant as follows:

1. Ordering defendant to refund to the plaintiff all monies collected pursuant to its actions and policies and practices;

2.  Awarding actual and treble damages pursuant to Consumer Protection Act, Md. Com. Law Code Ann. § 13-101 et al.;

3.  Awarding reasonable attorney's fees and litigation expenses, plus costs of suit, pursuant to Consumer Protection Act, Md. Com. Law Code Ann. § 13-101 et al.;

4.  Granting such other or further relief as is appropriate.

### COUNT III UNFAIR TRADE PRACTICES

46. The allegations of paragraphs 1-45 above are realleged and incorporated herein by reference.

47. The failure to reasonably apply mortgage payments to the appropriate and corresponding due payments, constituted an unfair trade practice in violation of the Consumer Protection Act, Md. Com. Law Code Ann. § 13-101 et al., for which the defendant Countrywide Home Loans is liable for damages incurred by the plaintiff, i.e. the attorney's fees and costs for which it has been held liable.

**WHEREFORE**, plaintiff prays that this Court enter a Judgment in her favor and against the defendant as follows:

1.  Ordering defendant to refund to the plaintiff all monies collected pursuant to its actions and policies and practices;

2.  Awarding actual and treble damages pursuant to Consumer Protection Act, Md. Com. Law Code Ann. § 13-101 et al.;

3.  Awarding reasonable attorney's fees and litigation expenses, plus costs of suit, pursuant to Consumer Protection Act, Md. Com. Law Code Ann. § 13-101 et al.;

4.  Granting such other or further relief as is appropriate.

### COUNT IV VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

48. Through its communications with the plaintiffs and the actions initiated therewith, the defendant consistently violated the Fair Debt Collections Practices Act in many ways including, but not limited to, the following:

a. falsely representing the character or status of the debt in violation of 15 U.S.C. section 1692e(2);

b. threatening to take action that cannot legally be taken, in violation of 15 U.S.C. section 1692e(5);

c. threatening to take action that is not intended to be taken, in violation of 15 U.S.C. section 1692e(5);

d. using false representations or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. section 1692e(10);

e. attempting to collect amounts not permitted by law in violation of 15 U.S.C. section 1692f(1).

**WHEREFORE**, plaintiff prays that this Court enter a Judgment in their favor and against the defendant as follows:

1. enter judgment against defendant for actual damages and adopt such special procedures as may be necessary to determine actual damages where plaintiffs have suffered emotional distress or have incurred legal expenses or illegal late fees;

2. enter judgment against the defendant for statutory damages of $1,000.00 per violation or $500,000 or 1 percent of the net worth of the debt collector, pursuant to U.S.C. section 1692k;

3. Awarding reasonable attorney's fees and litigation expenses, plus costs of suit, pursuant 15 U.S.C. section 1692k;

4. Granting such other or further relief as is appropriate.

Respectfully submitted,

William C. Johnson, Jr., Esq.
1010 Vermont Ave. NW
Suite 817
Washington, D.C. 20005

(202) 347-8833
Attorney for Plaintiff

## JURY DEMAND

Plaintiffs request a trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 15, 2005, a copy of the Summons and Complaint was served via fax (703) 449-5850 and certified mail, return receipt requested to the following:

The Prentice Hall Corporate System, M
11 East Chase St.
Baltimore, Maryland 21202
Resident Agent for the Defendant

Shapiro & Burson, LLP
13135 Lee Jackson Highway
Suite 201
Fairfax, Virginia 22033
Substituted Trustee

/William C. Johnson, Jr., Esq.

## CERTIFICATE OF ATTORNEY WITH OUT-OF-STATE OFFICE

**I HEREBY CERTIFY** that I, William C. Johnson, Jr., am an active member of the Maryland bar.

/William C. Johnson, Jr., Esq.